**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LYDIA L. MALONE,**

                    **Plaintiff,**              **1:13-cv-488**
                                                           **(GLS)**

                    **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                    **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Lydia L. Malone
Pro Se
173 Tampa Avenue
Albany, NY 12208

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     BENIL ABRAHAM
United States Attorney                 LAUREN E. MYERS
100 South Clinton Street            Special Assistant U.S. Attorneys
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Lydia L. Malone challenges the Commissioner of Social Security's denial of her request to reopen a prior application for Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Malone's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

## II. Background

On June 15, 2002, Malone filed an application for DIB under the Social Security Act ("the Act"), which was denied at the initial decision level on August 30, 2002. (Tr.[1] at 54, 361.) On February 22, 2006, Malone filed a second application for DIB, alleging an onset date of March 10, 2002. (*Id.* at 11, 20.) After this application was denied, (*id.* at 21-24), Malone requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 25). A hearing was held on March 27, 2008, (*id.* at 301-18), and the ALJ issued a decision on April 24, 2008 denying the requested benefits, (*id.* at 8-19). The Appeals Council denied review of the ALJ's decision, (*id.* at 3-5), and

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

Malone appealed to this court, which issued an order on March 2, 2011, remanding the case for further proceedings, (*id.* at 387-88.) On remand, the ALJ issued a subsequent favorable decision on October 25, 2011, finding Malone disabled since March 10, 2002. (*Id.* at 382-86.) Malone subsequently requested a reopening of her 2002 application, by way of a letter to the ALJ in November 2011. (*Id.* at 378A.) On December 20, 2011, the ALJ issued an amended decision, adding that he has found "no grounds for re-opening the prior determination." (*Id.* at 374.) Malone filed exceptions with the Appeals Council, (*id.* at 366, 369-70), but the Appeals Council found that there was no good cause to reopen Malone's 2002 unfavorable determination, (*id.* at 361-64). The Appeals Council further informed Malone that she did "not have the right to court review of the [ALJ]'s denial of [her] request for reopening." (*Id.* at 362.)

Malone commenced the present action by filing her complaint on April 30, 2013 wherein she sought review of the Commissioner's decision not to reopen her prior application. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 10, 14.)

### III. **Contentions**

Malone contends that her 2002 application for DIB should be reopened because there was good cause for reopening, and because the Commissioner's decision not to reopen was not supported by substantial evidence and was an abuse of discretion. (Dkt. No. 10 at 4-7; Dkt. No. 10, Attach. 1 at 3.) The Commissioner counters that the denial of Malone's request to reopen her prior claim is not subject to judicial review, and that the ALJ's decision not to reopen is also supported by substantial evidence. (Dkt. No. 14 at 2-5.)

### IV. **Facts**

The court adopts the parties' undisputed factual recitations. (Dkt. No. 10 at 2-4; Dkt. No. 14 at 1-2.)

### V. **Standard of Review**

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y.

4

Mar. 19, 2008).

## VI. Discussion

Malone argues several bases for good cause to reopen her prior request for DIB, and asserts that "the Commissioner's decision to not reopen the previous determination is not supported by substantial evidence." (Dkt. No. 10 at 4-7.) However, as explained below, this court is without jurisdiction to entertain a challenge to this administrative decision.

Generally, federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977) ("[§ 405(g)] cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits."). The Second Circuit has noted that there are two exceptions to this general rule: federal courts may review the Commissioner's decision not to reopen a prior determination only "where the Commissioner has constructively reopened the case" or "where the claimant has been denied due process." *Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003). A decision will be deemed to have been constructively reopened "[i]f the Commissioner 'reviews the entire record and renders a decision on the merits.'" *Id.* (quoting *Malave v. Sullivan*, 777

F. Supp. 247, 251-52 (S.D.N.Y. 1991)). "Due process violations occur when a claimant does not receive meaningful notice [or] an opportunity to be heard." *Bessette v. Comm'r of Soc. Sec.*, No. 09-CV-735, 2010 WL 5677184, at *5 (N.D.N.Y. Dec. 14, 2010) (internal quotation marks and citation omitted).

In this case, neither exception applies to the requests Malone made to have her first application reopened. First, Malone does not contend, nor does the record support the conclusion, that the ALJ constructively reopened Malone's prior application. Here, the ALJ simply determined, in response to Malone's request to reopen, that there were "no grounds for re-opening the prior determination." (Tr. at 374.) There is no evidence that he examined the merits of, and thus constructively reopened, her prior application. *See Byam*, 336 F.3d at 180. Furthermore, Malone makes no constitutional claims whatsoever of a denial of due process, and the record does not suggest that she would be successful had she pressed such an argument. *See Bessette*, 2010 WL 5677184, at *5-6. As such, this court lacks jurisdiction to review the Commissioner's decision to not reopen Malone's prior application, and her complaint is dismissed. *See Philpot v. Colvin*, No. 5:12-CV-291, 2014 WL 1312147, at *26 (N.D.N.Y. Mar. 31,

2014).

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Malone's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 27, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court